UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE VERNON LALONE,

    Plaintiff,

v.                                   CASE NO. 8:25-cv-1308-SDM-SPF

SARASOTA SHERIFF'S DEPARTMENT,
  *et al.*,

    Defendants.
_____/

**ORDER**

Lalone's complaint alleges that the defendants violated his civil rights based on his treatment while a pre-trial detainee. Because he paid the full $405 filing fee, Lalone's motion (Doc. 3) for leave to proceed *in forma pauperis* is moot. Even though Lalone is not proceeding *in forma pauperis*, the Prisoner Litigation Reform Act ("PLRA") requires a district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [and] the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Lalone must file an amended complaint.

The present complaint contains several deficiencies. First, Lalone cannot sue the Sarasota Sheriff's Department. *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),[*] explains that a "sheriff's office" is not a legal entity subject to suit:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

Similarly, a "jail," a "department," or the like is not an entity "with the capacity of be sued."

Second, Lalone cannot pursue a Section 1983 action based only on a person being the supervisor or the employer of someone who allegedly wronged Lalone. A claim against a supervisor based on an act by a subordinate asserts a claim under the principle of *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). The complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Lalone's civil rights. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Goebert v. Lee County*,

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions.").

Third, although possibly unprofessional and offensive, neither harassment nor verbal abuse alone is unconstitutional conduct. "Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation." *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989). *Accord Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (holding (1) that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats and (2) that "verbal abuse alone is insufficient to state a constitutional claim").

Fourth, Lalone represents that he is proceeding *pro se* in his pending state prosecution. Self-representation does not create an entitlement to greater access to a jail's library, as *United States. v. Denton*, 535 F. App'x 832, 835 (11th Cir. 2013), explains:

> Nothing in *Faretta [v. California*, 422 U.S. 806 (1975)] or the Sixth Amendment, however, expressly establishes that a defendant who has knowingly elected to proceed *pro se* has a right of access to a law library or legal materials. *See Kane v. Garcia Espitia*, 546 U.S. 9, 10, 126 S. Ct. 407, 408, 163 L.Ed.2d 10 (2005) (noting, in the context of habeas review under 28 U.S.C. § 2254, that "*Faretta* says nothing about any specific legal aid that the State owes a *pro se* criminal defendant" and so does not "clearly establish" a *pro se* defendant's right to access a law library).

Fifth, Lalone refers to jail officials having hurt him when they used excessive force and denied him medical treatment, but he identifies neither who used the

excessive force nor who denied him medical care nor when these alleged civil rights violations occurred.

Lastly, "an inmate has no constitutionally protected liberty interest in access to [an inmate grievance] procedure." *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011). A prison official's blocking access to the grievance process or failing to take corrective action upon a prisoner's filing of a grievance amounts to no violation of due process. *Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005). *Accord Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). A prison official's failure to process a grievance is not actionable under Section 1983. *See Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007) ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim.").

Lalone may file an amended complaint, which must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *see Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."); *see also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an

amended complaint). In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

Also, Lalone is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The complaint (Doc. 1) is **DISMISSED** for failure to state a claim, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint within **THIRTY (30) DAYS**. The failure to timely file an amended complaint will result in the dismissal of this action without further notice. The motion (Doc. 3) for leave to proceed *in forma pauperis* is **DENIED AS MOOT** because Lalone paid the full filing fee.

## A CAUTION TO MR. LALONE

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders.

A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Lalone is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on May 30, 2025.

                                                                STEVEN D. MERRYDAY
                                                                UNITED STATES DISTRICT JUDGE